[615 NYS2d 697]

In the Matter of EDWARD SCHWARZ, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 1, 1994

### APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Syosset *(Robert P. Guido* of counsel), for petitioner.

*White & Case,* New York City *(David S. Klafter, James M. Wicks* and *Cyprus Benson, III,* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with 11

allegations of professional misconduct. The Special Referee sustained one charge against the respondent, and failed to sustain other charges. The petitioner moves to confirm in part and to disaffirm in part the report of the Special Referee. The respondent cross-moves to confirm in part and to disaffirm in part the report of the Special Referee.

The charge sustained by the Special Referee alleges that on or about October 6, 1988, the respondent was called to testify in a matter pending in the Surrogate's Court, New York County, before Surrogate Renee Roth and, after being sworn as a witness, did give false and misleading testimony. By reason of his action the respondent violated Code of Professional Responsibility DR 1-102 (A) (1), (4), (5) and (former [6]) (now [8]).

After reviewing all the evidence, we are in full agreement with the report of the Special Referee. The respondent is guilty of the misconduct outlined in the enumerated charge. The petitioner's motion should be granted to the extent that it seeks to confirm the report of the Special Referee and should otherwise be denied. The respondent's cross motion should be granted to the extent that it seeks to confirm the report of the Special Referee and should otherwise be denied.

In determining the appropriate measure of discipline to be imposed, we have considered the mitigation advanced by the respondent and his prior unblemished record. Therefore, despite the serious nature of the respondent's misconduct, it is the decision of this Court that he be suspended from the practice of law for a period of one year.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and KRAUSMAN, JJ., concur.

Ordered that the petitioner's motion to confirm in part and disaffirm in part is granted to the extent that it seeks to confirm the report of the Special Referee and is otherwise denied; and it is further,

Ordered that the respondent's cross motion to confirm in part and to disaffirm in part the report of the Special Referee is granted to the extent that it seeks to confirm the report of the Special Referee and is otherwise denied; and it is further,

Ordered that the respondent, Edward Schwarz, is suspended from the practice of law for a period of one year, commencing September 1, 1994, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the

said period of one year upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Edward Schwarz, shall desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.